UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTHONY B., | ) |
| | ) |
|        *Plaintiff* | ) |
| | ) |
| v. | )  No. 2:18-cv-00376-JHR |
| | ) |
| ANDREW M. SAUL, | ) |
| *Commissioner of Social Security,* | ) |
| | ) |
|        *Defendant* | ) |

### MEMORANDUM DECISION ON MOTION FOR EAJA ATTORNEY FEES[1]

The plaintiff applies for an award of $6,776.15 in attorney and paralegal fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, after obtaining remand of his Social Security Disability (SSD) and Supplemental Security Income (SSI) case to the commissioner for further proceedings.  *See* EAJA Application for Fees and Expenses ("Motion)" (ECF No. 23); [Itemized Statement], Exh. A (ECF No. 23-1) thereto; *Anthony B. v. Saul*, No. 2:18-cv-00376-JHR, 2020 WL 1321534 (D. Me. Mar. 20, 2020).  The commissioner contests the fee application on the sole basis that his litigation position was substantially justified.  *See* Defendant's Opposition to Plaintiff's EAJA Application for Fees and Expenses ("Opposition") (ECF No. 24).  I conclude that the commissioner fails to carry his burden of demonstrating that his position was substantially justified and, accordingly, grant the Motion, awarding fees in the sum of $6,776.15.

### I.  Applicable Legal Standards

The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the

---

[1] The parties consented to have me conduct all proceedings in this matter, including the entry of judgment.  ECF No. 19.

1

> position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). As the First Circuit, in construing this language, has explained:

> The burden is on the government to demonstrate that its position was "substantially justified." Although the language of the statute refers to a "prevailing party," the statute makes clear that courts are to examine both the prelitigation actions or inaction of the agency on which the litigation is based and the litigation position of the United States. . . .
>
> The government need not show that its position was "justified to a high degree"; rather, it must show that its position was "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." The Supreme Court has said this is equivalent to the "reasonable basis both in law and fact" formulation we have used.

*Schock v. United States,* 254 F.3d 1, 5 (1st Cir. 2001) (citations omitted).

## II. Discussion

The plaintiff sought remand on the basis, *inter alia*, that the administrative law judge (ALJ) exceeded the bounds of his competence as a layperson when he construed raw medical evidence to adopt greater physical limitations than those found by agency nonexamining consultants who did not have the benefit of review of evidence bearing on the plaintiff's cervical degenerative disc disease (DDD) and development of bilateral shoulder impingement syndrome. *See Anthony B.*, 2020 WL 1321534, at *1. I agreed and, accordingly, vacated the commissioner's decision and remanded the case for further proceedings, without reaching the plaintiff's additional points of error. *See id*.

The commissioner contends that his position was substantially justified because he cited caselaw of the First Circuit and this court in support of the proposition that the ALJ's apparent interpretation of raw medical evidence was harmless error on any of three bases: that the ALJ (i) made a permissible commonsense judgment that the plaintiff had the same limitations in reaching on the right side as he had on the left, (ii) gave the plaintiff the benefit of the doubt, and/or

(iii) assessed limitations more favorable to the plaintiff than the medical evidence otherwise supported.  *See* Opposition at 4-5, 8 (citing *Darrell C. v. Saul*, No. 1:18-cv-338-DBH, 2020 WL 3170885, at *2 (D. Me. June 15, 2020), for the proposition that the commissioner's identification of legal support for his position suggested that it was justified to the degree that would satisfy a reasonable person).

The commissioner asserts that my acknowledgement that "[t]hese arguments might have proved persuasive had the ALJ clarified how he derived the specific components of his RFC that deviated from those assessed by" the agency nonexamining consultants, *Anthony B.*, 2020 WL 1321534, at *4, "suggests that the ALJ did not commit any error of law in weighing the evidence" but, rather, "simply . . . did not explain how his legally supportable assessment of the evidence translated into the RFC assessment[,]" Opposition at 5.  He argues that, in similar circumstances, "a number of courts have found the Government's position substantially justified."  *Id*.

Finally, the commissioner contends that he reasonably argued that this case was more like *Davis v. Colvin*, No. 1:14-cv-343-JHR, 2015 WL 3937423 (D. Me. June 25, 2015), and similar cases in which this court has affirmed an ALJ's decision despite an imperfect explanation, than *Staples v. Berryhill* ("*Lisa Staples*"), No. 1:16-cv-00091-GZS, 2017 WL 1011426 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017), and similar cases in which this court has reversed an ALJ's decision when the ALJ discounted agency nonexamining consultants' opinions and assessed a different RFC not based on any medical opinion.  *See id.* at 6-9.

As the plaintiff argues, *see* Plaintiff's Response to the Opposition to the EAJA Application for Fees and Expenses ("Reply") (ECF No. 25) at 4-5, *Darrell C*. is distinguishable.  In that case, Judge Hornby noted that the commissioner's losing argument "had substance" when, prior to the issuance of Judge Hornby's decision, "[t]he parties cited regulations and policy statements on the

past relevant work and composite job issue, but no pertinent caselaw[,]" and after the decision issued, "the Commissioner cited an opinion from this District that arguably supported his position." *Darrell C.*, 2020 WL 3170885, at *2. While that "citation came late," it lent "support to the Commissioner's claim that his argument had a reasonable basis in law." *Id*. (internal quotation marks omitted). Hence, "[h]is position was justified to a degree that could satisfy a reasonable person." *Id*. (citation and internal quotation marks omitted).

By contrast, the key point on which the instant decision turned was the well-established precept that, although an ALJ is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he or she "is not qualified to assess residual functional capacity based on a bare medical record[,]" *Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). Indeed, the commissioner did not contest that the ALJ had construed raw medical evidence unseen by the agency nonexamining consultants to arrive at greater restrictions than they had assessed. *See Anthony B.*, 2020 WL 1321534, at *3. Instead, he argued that the ALJ had made a commonsense judgment or, in the alternative, had effectively given the plaintiff the benefit of the doubt by assessing an RFC more favorable to him than the evidence otherwise supported. *See id*. at *4. In that context, I observed that these arguments "*might have* proved persuasive had the ALJ clarified how he derived the specific components of his RFC that deviated from those assessed by" the agency nonexamining consultants. *Id*. (citations and internal punctuation omitted) (emphasis added). I did not find that any of the commissioner's arguments *would have* proved persuasive. *See id*.; *see also, e.g., Sinclair v. Berryhill*, 284 F. Supp. 3d 111, 115 (D. Mass. 2018) ("While it may be true that a hearing officer's failure to provide an adequate explanation does not alone establish a lack of substantial justification, neither does it establish the presence of substantial justification. A fully justified position indeed may be poorly

explained, but an unjustified position also may be poorly explained.") (internal quotation marks omitted).

The commissioner, thus, misconstrues the instant decision as "suggest[ing] that the ALJ did not commit any error of law in weighing the evidence" but, rather, simply failed to "explain how his legally supportable assessment of the evidence translated into the RFC assessment." Opposition at 5. On the contrary, the ALJ erred in construing raw medical evidence, and the commissioner's defenses – that he made a permissible commonsense judgment or, in the alternative, gave the plaintiff the benefit of the doubt or assessed an RFC more favorable to him than the evidence otherwise supported – could not be discerned on the face of the ALJ's decision.

That, in turn, undermines the commissioner's final argument: that he reasonably contended that this case was more like *Davis* and similar cases than like *Lisa Staples* and similar cases. In *Davis*, unlike in this case, the ALJ *explained* that he had given the claimant the benefit of the doubt. *See Anthony B.*, 2020 WL 1321534, at *5; *Davis*, 2015 WL 3937423, at *4. By contrast, in *Lisa Staples*, as in this case, the ALJ did not clarify how she derived the specific components of her physical RFC that deviated from those of agency nonexamining consultants. *See Lisa Staples*, 2017 WL 1011426, at *8.[2]

As the plaintiff argues, *see* Reply at 4-5, this case aligns more closely with *Knudsen v. Colvin*, No. 2:14-cv-155-JHR, 2015 WL 4628784 (D. Me. July 31, 2015), than *Darrell C*. In *Knudsen*, as in this case, "[t]he standards that the court applied" – involving the "familiar" issue

---

[2] The commissioner correctly observes that, whereas in *Lisa Staples*, the ALJ rejected agency nonexamining consultants' mental RFC opinions based on later-submitted evidence, in this case, the ALJ gave the physical RFC opinions at issue great weight, finding that the later-submitted evidence did not document significant changes. *See* Opposition at 7; *Lisa Staples*, 2017 WL 1011426, at *4; *Anthony B.*, 2020 WL 1321534, at *2. He contends that, "[p]articularly considering that the ALJ did not reject the state agency opinions here, it was not unreasonable – much less 'very, very wrong' – for the Commissioner to argue . . . that this case fell closer to the line of cases finding harmless error." Opposition at 8 (quoting *Hastings v. Berryhill*, Civil No. 17-cv-84-JL, 2019 WL 1451982, at *6 (D.N.H. Mar. 27, 2019)). Yet, although the ALJ purported to give those opinions great weight, he deviated from them in assessing greater limitations based on evidence unseen by them, implicating *Gordils* and its progeny in this district.

of the ALJ's handling of the opinions of a treating physician – "were already in existence in the district's Social Security jurisprudence[,]" and the fact that "the plaintiff was able to obtain remand . . . on an issue that is not novel in this district [wa]s not itself a novel outcome." *Knudsen*, 2015 WL 4628784, at *2.

Even if, as the commissioner asserts, *see* Opposition at 6, this court's caselaw has been "ever-evolving" on the question of whether an ALJ's RFC determination is "sustainable" when an ALJ deviates from the RFC findings of agency nonexamining consultants based on later-submitted evidence, that caselaw reasonably illuminated the likely trajectory of this case.

### III. Conclusion

For the foregoing reasons, I **GRANT** the Motion and award the plaintiff the sum of $6,776.15 in attorney and paralegal fees.

Dated this 31st day of December, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge